# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 14-CR-0110-CVE |
|  | ) |  |
| JESUS JONATHAN CAMPOS-BRETADO, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

Now before the Court is the Defendant's Unopposed Motion to Continue Pretrial Conference and Jury Trial (Dkt. # 19). Defendant Jesus Jonathan Campos-Bretado is charged with possession of methamphetamine with intent to distribute. Dkt. # 4. The Court has entered a scheduling order (Dkt. # 11) setting a pretrial conference/motions hearing for August 11, 2014, and the jury trial is set for August 18, 2014. Defense counsel Stephen Greubel states that he will be out of the office from August 5 to August 15, 2014 for surgery and recovery. Defendant has filed two motions to suppress (Dkt. ## 17, 18), and he has requested an evidentiary hearing on the motions. The Court will hold an evidentiary hearing on the motions as part of a pretrial conference. Greubel believes that a ruling on the motions will eliminate the need for a jury trial, and he asks the Court to continue the pretrial conference and the jury trial so that he will have sufficient time to prepare for the hearing on the motions to suppress. Defendant has executed a speedy trial waiver (Dkt. # 20), and counsel for the government does not oppose defendant's motion for a continuance.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of

justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court has reviewed defendant's motion for a continuance and finds that it should be granted. Defense counsel will be unable to attend the pretrial conference on August 11, 2014 and he states that the hearing on defendant's motion to suppress is the critical event in these criminal proceedings. If the motions to suppress are denied, defendant states that he will likely seek to enter

a conditional plea of guilty. However, if the motions are granted, defendant states that the case will likely be dismissed. The Court finds that the pretrial conference and jury trial should be continued to allow defense counsel adequate time to consult with his client and prepare for the hearing on the motions to suppress. In addition to the interests of the defendant, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

**IT IS THEREFORE ORDERED** that Defendant's Unopposed Motion to Continue Pretrial Conference and Jury Trial (Dkt. # 19) is **granted**, and the pretrial conference set for August 11, 2014 and the jury trial set for August 18, 2014 are **stricken**. The following amended scheduling order is hereby entered:

| | |
|---|---|
| PT/CP/Motions Hearing: | **September 4, 2014 at 10:00 a.m.** |
| Voir dire, jury instructions, and trial briefs due: | September 15, 2014 |
| Jury Trial: | **September 22, 2014 at 9:15 a.m.** |

**All other deadlines remain as previously set in the scheduling order (Dkt. # 11).**

**IT IS FURTHER ORDERED** that the time between August 18, 2014 and September 22, 2014 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 30th day of July, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE